# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

JOANN PAIGE                                                                                             PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:09CV44-HTW-LRA

CENTRAL MISSISSIPPI MEDICAL CENTER                DEFENDANT

## ORDER TO SHOW CAUSE

This matter is before the Court on application of Joann Paige [hereinafter "Plaintiff"] seeking permission to proceed *in forma pauperis* for the purpose of filing this action against the Central Mississippi Medical Center under 28 U.S.C. §1915(a)(1). However, § 1915 does not mandate that the Court grant *in forma pauperis* status, even if the financial indicators suggest it. Instead, the statute provides that the Court **may** grant permission to proceed without the prepayment of fees, and the Court is granted wide discretion to make that decision. Flowers v. Turbine Support Div., 507 F.2d 1242, 1244 (5th Cir. 1974).

In this case, no jurisdictional basis has been set forth. The Complaint is quoted verbatim below:

### Complaint

Comes now Plaintiff name Joann Paige pro se, and for cause of action against the defendants(s) Central Miss. Medical Center would state

### Jurisdiction

Self Defendant made statement the trun against this Defendant action cause back on the days, month, year of my life not appeal to be fair. I hope that get prisoner and sentence all jail time of this is killing action on hereby. This is true day month year 1-22-2008 on this day upon which the court's jurisdiction depends. That is why this matter is being brought in Federal Court).

Plaintiff is an adult resident citizen of the County of Hinds State of Mississippi. The defendant Hinds is an adult resident citizen of the county of Jackson State of Mississippi (the Plaintiff will need to provide this information for each of the ...

Relief

Plaintiff is to state what relief he/she is seeking to obtain from the Court Respectfully fully submitted, this the 22 day of January, 2009.

Joann Paige
(Signature of Plaintiff)

Federal district courts are courts of limited jurisdiction. See Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (5th Cir. 1985) (citing 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 (1984)). Thus, "unless a dispute falls within the confines of the jurisdiction conferred by Congress," this Court does not have the authority to issue orders regarding its resolution. Id. Subject matter jurisdiction cannot be waived, nor may the parties confer jurisdiction upon the court either by their conduct or consent. Id. For this reason, if the parties fail to raise the question of subject matter jurisdiction, it is the Court's responsibility to raise the issue sua sponte. Id.

Here, the face of the Complaint fails to demonstrate the existence of either diversity or federal question jurisdiction. See 28 U.S.C. §§ 1331 and 1332. Paige, as the party seeking to invoke the Court's jurisdiction, bears the burden to "distinctively and affirmatively allege" the Court's subject matter jurisdiction. This being said, "[a] failure to allege facts establishing jurisdiction need not prove fatal to a complaint." Id. (quoting Canedy v. Liberty Mutual Ins. Co., 126 F.3d 100, 103 (2d Cir. 1997)). Instead,

under 28 U.S.C. § 1653, the court may permit amendment to allow a plaintiff to remedy "inadequate jurisdictional allegations."[1]

In the instant case, Plaintiff has the burden of establishing either diversity or federal question jurisdiction; her Complaint fails to do so. However, as there exists the possibility that the defect in the Complaint can be remedied by a truthful amendment, she shall be given an opportunity to file an Amended Complaint.

IT IS, THEREFORE ORDERED, that on or before February 9, 2009, Plaintiff shall file an amended complaint which sets forth sufficient allegations of subject matter jurisdiction. Failure to comply with the Court's order will result in dismissal for lack of subject matter jurisdiction without further notice.

SO ORDERED, this the 29th day of January, 2009.

S/ Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE

---

[1] A plaintiff, however, may not amend to create jurisdiction where it did not previously exist. As Whitemore instructed, "[t]he dangers against which a court must guard is that a party will attempt to use s 1653 to retroactively create subject matter jurisdiction." Id. (quoting Moore's Federal Practice § 15.14[3], at 15-34 (3d ed. 1999) ("Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment.")).